*C. C. Nave* and *J. Witherow*, for the appellant.

May Term, 1858.

JEWETT
v.
THE LAW-
RENCEBURGH,
&c., RAILR'D
COMPANY.

(1) *Ante*, 503.

---

JEWETT *v.* THE LAWRENCEBURGH AND UPPER MISSISSIPPI RAILROAD COMPANY.

In this case a written subscription of stock in a railroad company was shown to have been conditional by parol evidence. Notice had been given, and an order of Court made, to obtain the production of the subscription on the trial; but it was not produced. The question as to the admissibility of such evidence was not presented in this Court. *Held*, that the evidence was entitled to full weight.

The condition in the subscription in this case was, that the road should be located within 20 rods of *St. Omer*. *Held*, that the meaning was, that the road should be constructed to run within 20 rods of *St. Omer*.

Where a subscription is made upon such a condition, the subscriber is not a stockholder, and consequently not liable upon his agreement, until the condition is performed; and whether it has been performed is a question of fact.

Where a conditional subscription was paid, by the transfer of land to the company, before the condition was performed, and the company failed to construct the road according to the condition, but transferred the land to an innocent purchaser,—*held*, that in a suit by the subscriber against the company, the measure of damages would be the value of the land at the time it was transferred to the company.

And where the complaint alleged that the company after failing to perform such condition, appointed commissioners to settle with the plaintiff and others similarly situated, who, after an examination on behalf of the company, executed and delivered to the plaintiff an agreement that the company should refund the amount paid on the subscription, with interest, &c.:—*Held*, that the plaintiff might prove the amount of such conditional stock subscribed by others; the amount paid in; the acts of the commissioners in awarding

May Term,
1858.

repayment of such amounts to other conditional subscribers; and the payment by the company of the sums so awarded.

JEWETT
v.
THE LAW-
RENCEBURGH,
&C., RAILR'D
COMPANY.

*Thursday,
June 24.*

APPEAL from the *Decatur* Circuit Court.

HANNA, J.—*Jewett* sued the company to recover back a sum of money paid, and the price of a tract of land conveyed to the company, in payment of his subscription for stock.

The first count alleges that the subscription was made on the condition that the road should be located within 20 rods of *St. Omer*, and the money and property given for the stock, expended between *St. Omer* and *Greensburgh;* that after the subscription was made, the company located their road within that distance from *St. Omer*, and commenced working on it, and that afterwards the plaintiff paid for his stock; that subsequently the defendants abandoned that route and located and constructed the road on another, distant over one mile from *St. Omer; that* defendants have conveyed the land, which the plaintiff conveyed to defendants in payment for stock, &c., and avers a demand, &c. This paragraph also alleges that there was subscribed 600 shares, or 30,000 dollars, by various persons, of such conditional stock; that the subscribers presented and tendered it to defendants upon the fulfillment of the said conditions; that the same was by the defendants received, and acted upon, by pretending to locate, &c.; and that they assured plaintiff that the condition should be performed, and he thereupon paid, &c.

The second count, in addition to the above, states that after the abandonment of the old route, the defendants appointed commissioners to settle with the plaintiff, and others similarly situated; and that the commissioners, after examining into the matter, for and on behalf of the company, executed and delivered to the plaintiff an agreement, which is as follows:

" The undersigned commissioners of the *L. and U. M. Railroad Company*, appointed to settle with subscribers of special stock at *St. Omer*, hereby agree that *David Jewett* shall be refunded the amount that he may have paid on

his subscription of said special stock, with interest, on the 1st day of *October* next, and be released from any further payment on said subscription. *Oct.* 1st, 1852, (40 shares). [Signed,] *J. G. Monfort, Jas. B. Foley, A. R. Forsyth, Jas. Hamilton."*

May Term, 1858.

JEWETT
v.
THE LAW-
RENCEBURGH,
&c., RAILR'D
COMPANY.

The defendants demurred to the complaint, which demurrer was overruled, and said defendants answered over. The plaintiff replied.

The case was tried by the Court. Motion for a new trial overruled, and judgment for defendants.

It appears that on the trial the plaintiff offered to prove that the defendants had paid to other persons about *St. Omer* the amounts awarded them by said commissioners, for the purpose of showing their authority to bind the defendants, and that the evidence was rejected; also that the plaintiff offered to prove the amount that had been conditionally subscribed and paid in by persons in and about *St. Omer*, before the abandonment of the first route by the defendants, which was also rejected.

Several questions arise upon this record:

*First.* Was the subscription by the plaintiff conditional?

The evidence shows that it was; that it was accepted by the defendants, the road located on the line designated by the condition, some work done on it, the subscription of plaintiff paid in money and land, and that the defendants then abandoned that particular route. But it is objected that the conditions and terms of the subscription were shown by improper evidence, to-wit, by oral testimony, such subscription, &c., being in writing. This, together with other subscriptions about *St. Omer*, was made for a specific purpose, to-wit, to obtain the location of the road at that point, and was not of the general subscriptions which were unconditionally made to the capital stock of the company. The evidence shows such subscriptions to have been made on a paper prepared by the president of the road and sent to their agent, who after obtaining the signatures, &c., redelivered the same to the president. Notice had been given, and even an order of Court made, to obtain the production of the paper on the trial. It was

May Term,
1858.

Jewett
v.
The Law-
renceburgh,
&c., Railr'd
Company.

not produced. The proof was made by oral evidence of these facts, and must now have its due weight, there being no cross-errors assigned, which would enable us to pass upon the question whether the evidence was properly admitted or otherwise; upon that point we do not decide.

*Secondly.* Have the defendants complied with the condition?

The condition, as proved, was, that the road should be located within 20 rods of the town of *St. Omer.* In this case the language employed certainly means, that when the road was constructed it should be within that distance of this town. The evidence shows that the road is, in fact, constructed one and a half miles distant therefrom. Is this a substantial compliance?

In the case of *The Evansville, &c., Co.* v. *Shearer*, at this term, we have decided, that, where a subscription is made upon the express condition that the road shall be constructed in a particular place, the subscriber could not be a stockholder, and consequently not liable on the agreement, until the performance of the conditions upon which the subscription was made; and whether they have been performed is a question of fact (1).

*Thirdly.* Did the failure to perform the condition, upon which the subscription was made, give the plaintiff a right of action against the defendants to recover back the amount paid thereon before the violation thereof?

This is the principal question in the case. The appellee insists that the payment of the subscription before the condition was performed, was an abandonment of that condition, and "placed the plaintiff upon the same footing with other stockholders." Upon the other hand, it is insisted that the location and construction of the road at a particular place, entered largely into the consideration for the payment made; that the expectation of receiving shares of stock in the corporation was not the sole consideration for the transfer of the lands and payment of money, as alleged. It is further urged that, even admitting the plaintiff might have had a legal defense against the payment of his subscription, on account of the non-performance by the

May Term,
1858. .

JEWETT
v.
THE LAW-
RENCEBURGH,
&C., RAILR'D
COMPANY.

defendants of the condition upon which it was made, yet having failed to make that defense, and having voluntarily paid the same, he cannot now sue for and recover it back.

In contracts concerning real estate, it has often been held, that where the purchaser had paid the purchase-money and taken possession of the property, he might surrender that possession, disaffirm the contract and sue for and recover the purchase-money, upon the neglect or inability of the vendor to make a title and execute his contract. *Bank of Columbia* v. *Hagner*, 1 Peters, 468, 7 Curtis, 667.—Sugden on Vendors, 173.

A late writer says that, " Generally, where one fails' to perform his part of the contract, or disables himself from performing it, the other party may treat the contract as rescinded. 2 Pars. Cont. 191. .

Then, upon the failure of the company to perform the conditional part of the contract, the plaintiff had the right to rescind, or treat the contract as held for nought by the company, and sue for the amount paid on the contract; and where, as in this instance, the payment was by the transfer of lands, that transfer might, perhaps, be set aside before such lands had passed into the hands of innocent holders—but it is not necessary to decide that question as these lands have so passed—and we suppose the plaintiff, if upon the whole he is entitled to recover, should be permitted to recover the value of the lands at the time he transferred them to the company.

*Fourthly.*—Did the Court err in refusing to admit the evidence offered by plaintiff? That evidence was to show the amount of conditional stock at *St. Omer;* the amount paid in; the acts of *James B. Foley* and others, styled commissioners, in awarding repayment by the defendants of the sums so paid in; and the acts of these defendants in making such repayments in pursuance of such awards.

The fact that the defendant had ratified similar acts of the persons who assumed to be acting for the company, might have tended to show that they had authority to make such an arrangement with this plaintiff as they did make. Story on Agency, §§ 55, 87.—Redf. Railw. 292.

May Term,
1858.

In showing that such acts had been ratified, it was proper to prove the number of similar instances in which arrangements had been made and approved by the defendants, and the amount that had been paid thereon. If the instances were numerous and the sums large, the inference would be the stronger. The evidence offered in relation to the acts of *Foley* and others, and the ratification thereof, should have been admitted.

*Per . Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Ryman*, for the appellees.

