TAYLOR
. v.
FLETCHER.

Wednesday,
November 28.

TAYLOR v. FLETCHER.

Suit upon a promissory note. Before answering, defendant moved, upon affidavit, to set aside the service of summons for irregularity, but filed no bill of exceptions to the ruling of the Court. Answer: That the note was given for the amount of a subscription to the stock of the *Evansville, Indianapolis and Cleveland Straight-Line Railroad Company;* which subscription was conditioned, that it should not be payable until work should be commenced on the end of said road south from *Indianapolis:* that the note sued on, was given upon the representation of the agents of the company, that such work had been commenced, when, in fact, it had not.

*Held*, that the affidavit and copy of the summons were no part of the record, not having been made so by bill of exceptions.

*Held*, also, that the commencement of the work, at the point named, was a condition precedent to the right of the company to demand the subscription; and the note, having been obtained upon the false representation that this condition had been complied with, was void.

Wednesday,
November 28.

APPEAL from the *Johnson* Common Pleas.

WORDEN, J.—Suit by *Fletcher* against *Taylor*, upon a promissory note, made by the latter to the *Evansville, Indianapolis and Cleveland Straight-Line Railroad Company*, for $82, and, by the company, indorsed to the plaintiff. Judgment for the plaintiff.

On the calling of the cause, the defendant appeared, and moved to set aside the summons on affidavit filed, but the Court overruled the motion. The clerk has copied, into the

transcript, the affidavit and the copy of the summons left at the residence of the defendant; but these are no part of the record, and are not made such by bill of exceptions: consequently, no question is properly presented here, upon this ruling below.

The defendant then answered: " alleging, that on, &c., the *Evansville, Indianapolis, and Cleveland Straight-Line Railroad Company* proposed to build a railroad from *Evansville*, in this State, to *Indianapolis*, the capital thereof, and to run the line thereof on the east side of *White River*, in *Johnson* county; by doing which the said road would have run near to the lands of the defendant and materially enhanced the value thereof. That, in consideration of the premises, the defendant subscribed, toward the construction of said road, the sum of $100; to be paid when the work should be commenced on the end of the road south from *Indianapolis*. That on, &c., on the representation of said railroad company, by her agents, that the work had been commenced on said road, on its northern end and immediately south of *Indianapolis*, the defendant executed the note sued on, as and for his subscription aforesaid, and because of said representations: and the defendant avers the fact to be, that said company never did commence any work on the northern end of said road and immediately south of *Indianapolis*, nor elsewhere, except on the southern and middle portions of the line; and so the defendant says that the note was obtained from him by the fraud and false representations of the payee thereof, wherefore," &c.

To this answer a demurrer was sustained, and exception taken.

We are of opinion that the answer is good, and that the Court erred in sustaining the demurrer thereto.

It is averred, as we understand the pleading, that by the terms of the original subscription, it was not to be paid until the work should be commenced on the end of the road south from *Indianapolis*. The commencement of the work, at the point named, was a condition precedent to the right of the company to collect the subscription. The commencement of the work was a material matter. The company, as is alleged,

by her agents, represented that this condition precedent had been complied with; and, because of such representations, the defendant was induced to give the note, thereby making his liability absolute, and not dependent upon the commencement of the work at the point named. The truth of the representation is, we think, sufficiently negatived. The representation was of a matter of fact on which the defendant had a right to rely. He could not be required to go to the point named and examine the line of the road to ascertain whether the work had been really commenced. *Kertz* v. *Dunlop*, 13 Ind. R. 277.

The allegation that the company, by her agents, made the representation, implies that it was made by agents whose acts and representations, in relation to the matter, would bind the company; otherwise the representation would not be made by the company. Counsel for the appellee say that the condition, if any, on which the stock was subscribed, was waived by the execution of the note. That would, undoubtedly, be true if the note had been given without the representation charged. But, instead of waiving the condition, he gave the note on the representation that it had been complied with; and herein consists the fraud practiced upon him, which renders the note void.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*F. M. Finch*, for appellant.

*G. M. Overstreet* and *A. B. Hunter*, for appellee.