The Evansville, Indianapolis and Cleveland Straight Line Railroad Company *v.* Dunn.

Nov. Term,
1861.

Evansville,
&c.
Railroad Co.
*v.*
Dunn

┌─────────┐
│ 17   603 │
│ d154  260 │
└─────────┘

Suit by a railroad company upon a promissory note. Answer: that on *March* 14, 1855, defendant subscribed for twenty shares of the stock of said company, of $50 each, upon the express condition that the final location of the road should cross *White* river, near *Martinsville*, and run within one mile of *Gosport*, and continue down on the west side of said river to the town of *Spencer*, and that before the bringing of this suit, said company had finally located said road on the east side of said river ; that said promissory note was given in consideration of said subscription, &c. Reply : that the said road had been located, in pursuance of the condition of said subscription, on the west side of *White* river, &c. The note was dated *September* 25, 1856.

*Held*, that the condition of the subscription was waived by the giving of the note.

APPEAL from the *Owen* Circuit Court.

Thursday,
*February* 6.

Perkins, J.—Suit upon a promissory note of the following tenor:

"$700.                    Indianapolis, *September* 25, 1856.

"Fifteen months after date, I promise to pay to the order of the *Evansville, Indianapolis and Cleve'and Straight Line Railroad Co.*, at *Spencer*, seven hundred dollars, value received; without any relief whatever from valuation or appraisement laws.                    "S. W. Dunn."

The defendant answered:

1. That the note was executed without consideration.

2. That on *March* 14, 1855, at *Owen* county, the defendant subscribed to the capital stock of the *Evansville, &c., Railroad Co.* twenty shares, of fifty dollars each, amounting to one thousand dollars, subject to, and upon the express condition thereunder written, to wit: "That the final location of the road (to wit, the railroad of plaintiff) should cross *White* river, near *Martinsville*, and run within one mile of *Gosport*, and continue down on the west side of *White* river to the town of *Spencer;*" and the defendant avers that, before commencing this suit the plaintiff finally and permanently located her said road on the east side of *White* river, from *Martinsville* to *Spencer* aforesaid.

Nov. Term,
1861.

EVANSVILLE,
&c.
RAILROAD CO.
v.
DUNN.

To this paragraph of the answer, the Court overruled a demurrer.

The plaintiff then replied:

1. Denying the answer.

2. That on *May* 11, 1845, the railroad was permanently located down the river, on the west side thereof, according to the condition of the subscription; which location was subsequent to any, and all supposed, locations on the east side of said river.

To this paragraph of the reply the Court sustained a demurrer. There was a trial of the issues; judgment for the defendant. The evidence is not of record. The first question arises upon the overruling of a demurrer to the second paragraph of the answer; was that paragraph a legal bar to the action? Let us examine it. The suit was upon an unconditional promissory note, dated *September* 25, 1856, for the amount of $700, all payable, without interest, at the expiration of fifteen months.

The answer alleged that that note was given in discharge of a subscription to the railroad, made on *March* 14, 1855, being over eighteen months prior to the date of the note, which subscription, it is to be inferred from the answer, was then, to wit, at the time it was made, due and payable, but was made upon the condition, either precedent or subsequent, that the road should be located on a certain line. The condition was a single, entire thing, and related to place of location. Does this answer show that the note was upon the same consideration, and was simply a re-expression of the original contract of subscription?

Let us transpose the statement of the facts, so as to make it follow the order of events.

On *March* 14, the defendant agrees to take and pay for twenty shares of the plaintiff's stock, on condition that the road has a certain location. The consideration for his money, then, is to be the stock and the particular location of the road. Now, if by a fair construction of the contract of subscription, the money was to be paid before the road was located, then the location was a condition subsequent. But, if by a fair construction of the contract, the road was to be located

before the money was to be paid, then the location was a condition precedent. In either event, it was a condition in the contract, upon which the party might stand, or which he might waive, as it was a condition for his benefit. What next takes place between the contracting parties? Why, a year and a half after this conditional, and so far as may be inferred, immediately payable subscription is made, a new executory contract is stated in writing, between the parties. Is it a re-expression of the original one? Does it fix the the same times and terms of payment, or does it change them? It changes them; it provides for an extension of the time of payment from its date, for fifteen months, on the part of the road, and it omits the condition as to location on the part of the subscriber thereto, *Dunn*. Now, what is the inference from this change which the contracting parties were competent to, and voluntarily did, make? Is it not, clearly, that the condition as to location was waived? We think so. Had *Dunn*, at the time named, paid the money on his original subscription, it being then due, such act would not have waived the condition, if a subsequent one, because it would have involved no change in the original contract; and the case of *Jewett* v. *The Lawrenceburgh, &c. Railroad Co.*, 10 Ind. 539, would have been in point, in principle. But he did not pay upon the first contract; he substituted a new and variant executory contract for it. This, it was his right to do, if he could get the privilege; and having done so, he is bound by his new contract. The condition in the original was waived by it, because it was not continued in it; it was, in fact, abandoned, as a part of the obligations existing between the parties. This conclusion disposes of the case, and renders it unnecessary for us to proceed further. But, as the question as to what constitutes a location of a railroad, has been, to some extent, discussed, we propose to make a suggestion or two touching that question.

It may be premised, in advance however, that what we have to say is only applicable to cases where the statute contains no provision upon the subject. If, in any case, the law prescribes what shall constitute a location, or the particular manner in which one shall be made, of course the

Nov. Term, 1861.

EVANSVILLE, &c. RAILROAD Co. v. DUNN.

statute will be the guide in determining whether one has been made. But suppose the statute contains nothing directory upon the point, what, as a question of law, shall be the definition of a location? And we now ask, is not, as a general proposition, a location the manifested or expressed determination of the corporation as to the line of the road? And may it not be necessary that that manifestation should be more particular and definite in some cases than in others, according to difference of circumstances? Suppose, for example, that the question arises between two railroad companies, both authorized to run railroads between two points, on the same general route, and the point is, which company has first located on a given one hundred miles of ground on the general route?

Suppose again, the question to arise between a company and the owner of a certain piece of land, whether the road had been located on such piece of land, and if so, on what part of it?

Suppose again, the question to arise, as in this case, between the company and a conditional subscriber of stock, as to whether the road had been located on a given side of a river; in such case could it be considered that any thing further was in the mind of the contracting parties than the expressed determination of the company, that the line of the road should be constructed on such side of the river? We do not see what else could be in contemplation. The subscriber could care nothing about the particular hundred feet wide that should be taken through any man's farm. The fact of running the line by surveyors would amount to nothing, in itself, as the company might not adopt such survey.

It is not necessary that we should decide this point, as we have said, and we do not, but we make these suggestions as indicating the course of investigation to correctly determine the question.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for another trial.

*Jer. Smith,* for the appellant.

*W. R. Harrison, S. H. Buskirk, D. E. Williamson, Jno. A. Beal, J. E. McDonald* and *A. L. Roache,* for the appellee.