BUCKINGHAM *et al. v.* HANNA *et al.*

AGENCY—PARTNERSHIP.—One member of a partnership can not make such a contract as will involve the creation of another partnership between his own firm and other parties, so as to bind thereby his co-partners, unless he has other authority than that which is incident to the mere relation of partners.

EVIDENCE.—But, in such case, for the purpose of showing authority to make such a contract, and the acquiescence of his partners therein, it is competent to prove that similar contracts had been repeatedly made by him before, which were ratified and executed by his co-partners without objection; and letters written by the objecting parties, tending to show their acquiescence in such contracts, are also competent evidence for the same purpose.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—Suit by the appellees against the appellants.

The complaint alleges, in substance, that in the year 1854, the plaintiffs *Hanna* and *Burr*, were partners, doing business, under the name and style of *Hanna & Co.*, as warehousemen, and in the purchase and sale of grain and produce, at the town of *Wabash*, in the county of *Wabash*, and State of *Indiana;* that the defendants, as partners under the name and style of *Buckingham & Co.*, were engaged in the like business, at *Toledo*, in the State of *Ohio;* that during the year 1854, the defendants were engaged in the purchase and sale of corn for the plaintiffs, during which time the defendants received from the plaintiffs, by way of advancement, and for corn of plaintiffs, sold by defendants, the sum of 75,000 dollars, only 50,000 dollars of which money had been accounted for. There is another paragraph in the complaint, but it is not necessary here to notice it. Issues were formed and tried by a jury, resulting in a verdict and judgment for the plaintiffs for 9320 dollars and 20 cents.

The defendants pleaded, amongst other things, that the

parties entered into the following written agreement, claiming the sum of 6000 dollars advanced thereon, and damages for the non-performance thereof by the plaintiffs, as a set-off, the wheat therein mentioned not having been purchased and shipped as contemplated:

"Memorandum of agreement between *H. Hanna & Co.*, of *Wabashtown, Indiana*, and *Buckingham & Co.*, of *Toledo*, that said parties of the first part, and said parties of the second part, hereby enter into a mutual co-partnership, for the purpose of buying and selling of or about 6000 bushels of wheat, under the style of *Horace S. Walbridge & Co.* It is hereby agreed by the parties of the first part, to purchase and ship, in good merchantable order, on board canal boats, at or in the vicinity of *Wabashtown*, 6000 bushels of wheat, for which they agree to pay not more than one dollar per bushel for red, nor more than one dollar and five cents for white, per bushel. And it is further agreed by said parties of the first part, to ship said 6000 bushels of wheat in such time as the whole of said quantity of wheat shall be consigned to, and at the disposal of, said parties of the second part, at *Toledo, Ohio*, by or on the 22d day of *August*, 1854; transit of such wheat not to cost more than ten cents per bushel from the place of shipment to *Toledo, Ohio*. It is likewise agreed, that in consideration of the parties of the first part paying parties of the second part customary commissions and storage for selling and preserving said 6000 bushels of wheat, the parties of the second part do now pay over to the parties of the first part, the receipt of which is hereby acknowledged, the sum of 6000 dollars, to use for the benefit of this co-partnership, said co-partnership paying interest for said 6000 dollars at the rate of 6 per cent. per annum. It is hereby agreed, that all profit or loss resulting from the terms of this agreement, shall be divided in the ratio of one-half to *H. Hanna & Co.*,

and one-half to *Buckingham & Co.*, provided and excepted that all parties concerned abide by the terms of this agreement. Signed and sealed this 12th day of *August*, 1854.

"H. HANNA & CO.,

"BUCKINGHAM & CO.

Witness— *W. C. Sherwood.*"

This contract was executed by *Burr* on behalf of *Hanna & Co.;* and it appears that he received from the defendants the 6000 dollars therein mentioned, 5000 dollars in cash, and 1000 in a draft. *Hanna* denied the execution of the contract by him under oath.

We incline to the opinion that the contract was such an one as *Burr* could not make without other authority than that of a partner, so as to bind *Hanna.*

The business contemplated by the agreement falls entirely within the business of both firms, and the contract would undoubtedly be binding if it did not create a new partnership, which could not be done without the consent of all the members. Bateman on Com'l Law, sec. 854.

But for the purpose of showing *Hanna's* consent to the making of the contract by *Burr*, the defendants offered in evidence the following contracts made by *Burr* during the plaintiff's co-partnership, on behalf of *Hanna & Co.*, and that *Hanna* ratified and carried them out, viz:

1. A contract dated *June* 5th, 1853, between *Hanna & Co.* of the one part, and *Smith & Hunt*, of *Toledo*, as the other, by which *Hanna & Co.* were to buy wheat, corn and oats at *Wabash*, on certain terms and conditions, and ship them to *Smith & Hunt*, at *Toledo*, for sale. *Smith & Hunt* were to furnish the means, and *the profit or loss was to be divided between the parties.*

2. A contract between *Hanna & Co.*, of the one part, and *L. B. Smith*, of the other, dated *June* 19th, 1854, by which

*Smith* advanced to *Hanna & Co.* 4500 dollars for the purchase of 10,000 bushels of corn, to be shipped by *Hanna & Co.* to *Smith,* for sale on commission. After deducting interest on money, freight and commission, *the profits or losses were to be divided between the parties.*

3. A contract between *Hanna & Co.,* of the one part, and *Smith & Hunt,* of *Toledo,* of the other, dated *December* 5th, 1853, by which they agreed to purchase corn at *Wabash,* on their joint accounts, on terms and conditions therein provided for, and *the loss or profit to be equally divided.*

4. A contract between *Hanna & Co.,* of one part, and *Smith & Hunt,* of *Toledo,* of the other, dated *October* 15th, 1852, by which the parties agreed to buy and pack, on joint account, from 500 to 1000 head of cattle, on terms provided for, *the profit or loss to be borne equally by both parties.*

The evidence was all rejected. In this it is clear the Court erred.

The only objection to the contract set up in defence is, that it creates a new partnership. So do those offered in evidence, as they provide for a division of profit and loss, which is the very essence of a partnership. Story on Part. sec. 2; Bateman on Com'l Law, sec. 560.

If *Hanna* recognized and carried out these several contracts thus made by *Burr,* creating new partnerships, they were competent to go to the jury as furnishing a presumption that *Burr* had *Hanna's* concurrence and consent to the making of the contract in question. *Jewett* v. *The Lawrenceburg, &c., R. R.,* 10 Ind. 539.

It seems that *Burr,* after getting the money on the contract, left the country, and a part of the money only ever came into the hands of *Hanna.* On the 6th of *September,* 1854, *Buckingham & Co.* addressed a letter to *Hanna & Co.,* in relation to the money thus advanced on the contract. In

Buckingham et al. *v.* Hanna et al.

reply to this letter, *Hanna* wrote to *Buckingham & Co.* as follows:

"*Wabash, Ind., Sept. 9th,* 1854.

*Messrs. Buckingham & Co.—Gents:*—We had a call from your Mr. *Tinkler,* who handed us your note, the contents of which is noted. We declined paying over the money procured of you by *Burr,* till we had an exhibit of your account in *Wabash.* Mr. *Burr* is now here, and we wish him to remain here until we see a statement from you. Please forward it without delay, and oblige.

Truly yours,

H. HANNA."

This letter was rejected. This was also clearly erroneous. It is not claimed by the counsel for the appellees that the ruling was right, but it is insisted that the evidence, at most, only shows that 2800 dollars of the money advanced to *Burr* ever went to the benefit of *Hanna* or the firm; and that this sum is all the firm could be held liable for with the letter in evidence. This sum of 2800 dollars they proposed to remit, thereby giving the defendants, as is claimed, all the advantage that could have been derived from the letter. We can not concur in this view of the question.

The letter of *Hanna,* to say the least of it, strongly tends to show that *Burr* was authorized to make the contract, and that *Hanna* acquiesced in it. A return of the money was not declined on the ground that *Burr* had received it on an unauthorized contract, nor because the firm had not had the benefit of it, but it was declined on the ground simply that the defendants have not furnished an exhibit of their account. If *Burr* had authority to make the contract, or if, after it was made, *Hanna* acquiesced in it, by permitting all or any part of the money to be applied to the benefit of the firm,

knowing the facts, the contract is just as binding upon the firm, as if it had been signed by both *Hanna* and *Burr*. For these errors the judgment below will have to be reversed.

*Per Curiam.*—The judgment is reversed, with costs.

NOTE.—*Hanna*, J. was absent.

*D. D. Pratt, John U. Pettit*, and *Calvin Cowgill*, for the appellants.

*Newcomb & Tarkington*, for the appellees.