## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD Co. *v.* Ross and Another.

PRACTICE.—*Bill of Exceptions.*—Where there is an appearance to an action, the summons and return are no part of the record unless made so by a bill of exceptions.

SAME.—*Summons and Return.*—Where there is no appearance to an action, the summons and return are properly a part of the record.

APPEAL from the Clark Common Pleas.

DOWNEY, C. J.—This action was brought by the appellees against the appellant, to recover the value of mules killed or injured by the locomotive and cars on the road of the defendant, at a point where the road might have been, but was not, fenced.

There was a trial by the court, finding for the plaintiff, motion for a new trial, because the finding was not sustained by the evidence and was contrary to law, overruled, and judgment for the amount of the finding.

Two errors are assigned; first, the refusal of the court to quash the summons and set aside the return thereof; and, second, the refusal to grant a new trial.

The summons, return, and motion, are copied into the transcript by the clerk, but this is unauthorized, and there-fore presents no question to us. There having been an appearance, the summons and return are no part of the record, unless made so by bill of exceptions. 2 G. & H. 273, sec. 559; *Taylor* v. *Fletcher*, 15 Ind. 80. But where there has been no appearance, the summons and return are prop-erly a part of the record, without a bill of exceptions. *Stanton* v. *Woodcock*, 19 Ind. 273.

We have read the evidence, and have not discovered any insufficiency in it to sustain the finding, and no brief is filed by the appellant calling our attention to any such defect.

The judgment is affirmed, with costs, and ten per cent. damages.

*G. V. Howk* and *C. D. Howk*, for appellant.

*J. G. Howard* and *J. F. Read*, for appellees.