No. 9523.

## SLIPHER v. EARHART, ADMINISTRATOR.

RAILROAD.—*Subscription for Stock.*—*Condition.*—*Waiver.*—*Promissory Note.*— The defendant subscribed for shares of the stock of a railroad company, payable on certain conditions, one of which was that the road should be built to F. prior to *a certain date.* Subsequently, he gave notes for the amount, payable on the happening of the conditions, except the one above specified.
*Held,* that the omitted condition was thereby waived.
SAME.—*Stock Certificate.*—*Tender.*—A subscriber for the stock of a railroad company can not defeat a recovery of his subscription, on the ground that no certificate of stock has been tendered to him.

From the Clinton Circuit Court.

*J. Claybaugh* and *B. K. Higinbotham,* for appellant.
*L. McClurg* and *J. V. Kent,* for appellee.

FRANKLIN, C.—This is an action brought on two promissory notes, executed by appellant to the Lafayette, Muncie and Bloomington Railroad Company, and assigned to George Earhart, who died. The suit was brought by his administrator.

The only question raised upon the pleadings is in relation to the sustaining of a demurrer to the fifth paragraph of the answer.

This paragraph in the answer sets forth that the notes were executed on the 2d day of February, 1872, and were given for and in consideration that on the 25th day of January, 1870, said defendant had entered into a written contract, by which he agreed to subscribe to the capital stock of said railroad company sixteen shares at $50, payable one-third when the road was located on a particular described route, one-third when the bridging and ties were done to Frankfort, and one-third when the cars were running to Frankfort, concluding with the following clause: "If the railroad is not built upon the above described route prior to January 1st, 1873, this contract to be void." The answer then avers that the railroad was not finished as required prior to the first day of January, 1873. Wherefore the consideration of the notes had failed.

The note reads as follows:

"$266.66.   Ind.   February 2d, 1872, when bridges and ties down to Frankfort, after date, for value received, I promise to pay to the order of the Lafayette, Muncie and Bloomington Railroad Company, two hundred sixty-six and $\frac{66}{100}$ dollars at ———, with ten per cent. interest after maturity, and reasonable attorney's fees, if suit be instituted on this note, without any relief whatever from valuation or appraisement laws.                              DAVID SLIPHER."

The other note is the same except it is made payable when the cars run to Frankfort after date.

It is insisted by appellant that the notes were based upon the former contract, and that if the road was not built prior to January 1st, 1873, the note should become void, as well as the contract.

This might have been true if the notes had made the contract a part of them, or required the road to be finished within that time.   But the notes did neither one of those

things.   They, in express terms, cut off all limit to the time
when the bridges and ties should be down to Frankfort, and
when the cars should run to Frankfort, and, consequently,
when the road should be built, and directly promised to
pay when these things should be done, regardless of any defi-
nite time for their completion.

We think the notes changed the contract in this particu-
lar, and waived any definite time for the performance of the
conditions precedent.

Appellant, in support of his view of the case, refers us to
the case of *Parker* v. *Thomas*, 19 Ind. 213.   That case was
upon a conditional subscription to a railroad company.
After the making of the subscription, upon the fraudulent
representations of the agents of the company, that the con-
ditions had been performed, the defendant was induced to
give unconditional notes for the payment of the subscrip-
tion.   The road was not located and built in accordance with
the condition of the subscription, or in any other manner.
The court held that the condition of the subscription attached
to the notes as well as the original contract, the notes being
made payable at the times named, and " corresponding with
the terms of the subscription."   The court further said that
" In this respect, the case differs materially from that of
*Evansville, etc., Railroad Company* v. *Dunn*, 17 Ind. 603.   We
are not prepared to say that the giving of the notes waived
the condition."

The case against Dunn above referred to was a suit upon a
subscription of stock to a railroad company upon the condi-
tion of a specified location of the road.   About eighteen
months after the subscription was made, the defendant exe-
cuted his unconditional note for its payment in fifteen months
thereafter.   The court held that this changed the time and
terms of payment; it provided that it might be paid fifteen
months later, and omitted the condition as to location, by not
including it in the note.

We think this latter case applies to the one under consid-

eration with more force than the former.    In the former case, all the paragraphs of the answer that were held good charged that the execution of the notes was procured by fraud, and that the answers were sufficient, for the reason that they showed that the parties did not intend to waive the condition.

In the case of *Taylor* v. *Fletcher*, 15 Ind. 80, which was an action upon an unconditional note, given in payment of a conditional subscription to a railroad company, this court held that an answer, setting up that the execution of the note was procured by the fraudulent representations that the condition of the subscription had been performed, was a good answer.    WORDEN, J., in the opinion, uses the following language:    "Counsel for the appellee say that the condition, if any, on which the stock was subscribed, was waived by the execution of the note.    That would, undoubtedly, be true if the note had been given without the representation charged. But, instead of waiving the condition, he gave the note on the representation that it had been complied with; and herein consists the fraud practiced upon him, which renders the note void."    The execution of the note, being procured by fraudulently inducing the payor to believe that the condition of the subscription had been performed, rebuts all presumption of an intention of the parties to waive the condition.    But where an unconditional note has been executed in discharge of a conditional subscription, unless there has been fraud in procuring the execution of the note, it will be a waiver of the condition in the subscription.

In the case under consideration, we think the language used in the notes could have no other meaning than to waive the condition in the subscription that the road should be built prior to the first day of January, 1873.

The notes were executed about eleven months before the time referred to, and were to be paid whenever the conditions named in the notes were performed, without regard to that being done before or after the first of January, 1873.

There is no complaint that the conditions named in the

Slipher *v.* Earhart, Administrator.

notes were not fully performed; the complaint is as to the non-performance of a condition not named in the notes. At the time of the execution of the notes the defendant had the right to have this condition inserted in the notes and retained in the contract, if he had desired to do so. But the insertion in the notes of the other conditions of the subscription, and the omission of this one, tend strongly to show that the parties intended to waive it, and as a part of the contract between the parties, it was abandoned.

No fraud is charged in procuring the execution of the notes, and, so far as is shown by the record, it appears to have been a fair and deliberate transaction between the parties. And we do not think the fifth paragraph of the answer states facts sufficient to constitute a defence to the action. The court did not err in sustaining the demurrer to it.

The second error assigned is the overruling of the motion for a new trial.

The reasons stated for a new trial are, that the finding of the court was contrary to law, was not supported by sufficient evidence, and that the damages were excessive.

The evidence shows that the railroad was completed and running to Frankfort in 1874 or 1875. The notes were transferred to the plaintiff's intestate in payment for ties furnished in the construction of the railroad.

But it is insisted, that, as the subscription of stock was conditional, the defendant would not become a stockholder until a certificate of stock had been issued and delivered to him, and, as the proof showed that no such certificate had been issued, the evidence was therefore insufficient to support the finding, and the finding was contrary to law.

Where a subscription is made upon a condition, the subscriber does not become a stockholder, and consequently is not liable upon his agreement, until the condition has been performed; and whether it has been performed, is a question

of fact. *Jewett* v. *Lawrenceburgh, etc., R. R. Co.,* 10 Ind. 539 ; *Evansville, etc., R. R. Co.* v. *Shearer,* 10 Ind. 244.

In the case at bar the condition in the subscription as to the road being built to Frankfort prior to the first day of January, 1873, was waived and abandoned by the execution of the notes; and had that been the only condition, the defendant would have become a stockholder upon the execution of the notes. But there were other conditions specified in the contract and retained in the notes : In one of the notes, that the bridges and ties should be down to Frankfort, and in the other, that the cars should be running on the road to Frankfort. The evidence shows that these conditions were performed in 1874 or 1875. The defendant then became a stockholder, and, by force of the agreement between the parties, was liable for the payment of the notes, without the company previously tendering a certificate of stock.

The certificate does not create the stock ; it is only evidence of it, and, in its absence, evidence of the fact of ownership of the stock, can be otherwise produced.

In the case of *New Albany, etc., R. R. Co.* v. *McCormick,* 10 Ind. 499, the following language is used : "No tender of a certificate of stock was necessary. Such certificate does not constitute the title of the stockholder to his stock. The registry of his name upon the stock-book of the company, opposite the number of his shares, gives him title to his stock. That book, as a member of the corporation, he has at all times a right to inspect. To that book reference is had in paying dividends, in receiving votes at corporation elections; upon that book transfers of stock, as between the company and the owner, are made ; and of it, copies are given to stockholders. Redf. Railw. 43.

"Certificates of stock can always be demanded and obtained by the owners, when they may desire them. They are convenient, as evidences of stock existing upon the proper book, in making sale of stock to third persons, but are not indispensable. Redf. on Railw. 50.—Ang. & Ames on Corp. 411.

When a subscriber pays an instalment of stock he should have a receipt of payment."

In the case of *Helm* v. *Swiggett*, 12 Ind. 194, the following language is used: " Ownership, simply, of a certificate of stock in the bank, did not constitute the owner a stockholder. It required the transfer of the stock to him upon the books of the bank." See authorities therein cited.

In the case of *Vawter* v. *Ohio, etc., R. R. Co.*, 14 Ind. 174, the case of *New Albany, etc., R. R. Co.* v. *McCormick, supra*, was approved and held to be right. See also *Hardy* v. *Merriweather*, 14 Ind. 203; *Heaston* v. *Cincinnati, etc., R. R. Co.*, 16 Ind. 275, p. 279; *Brownlee* v. *Ohio, etc., R. R. Co.*, 18 Ind. 68; *Beaver* v. *President, etc.*, 34 Ind. 245; and *President, etc.*, v. *Hamilton*, 34 Ind. 506; *Lincoln* v. *State, ex rel.*, 36 Ind. 161.

The foregoing authorities conclusively hold, that in order to recover on a subscription of stock, or a note given for a subscription of stock, it is not essentially necessary that a certificate of stock should be first delivered or tendered. And in the case at bar, a failure of the evidence in this regard did not make a deficiency in the evidence supporting the finding, or make the finding contrary to law.

The last reason stated for a new trial is, that the damages are excessive.

It is insisted by appellant, that appellee should not be allowed interest or attorney fees; that the court refused to allow the attorney fees, and the amount assessed exceeded the true amount of the principal and interest of the notes. This would be true if the court had excluded the attorney's fees; but we find nothing in the record to warrant the conclusion that the court did exclude the attorney's fees. Reasonable attorney's fees, added to the principal and interest of the notes, would about make the amount of the finding of the court, and we must conclude that the court included the attorney's fees, which we think it had a right to do, and, also, to allow the interest after maturity.

There was no error in overruling the motion for a new trial. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things affirmed, with costs.