DALLAS COTTON & WOOLEN MILLS v C. H. CLANCEY.

(No. 3009.)

APPEAL from Dallas County. Opinion by WILLSON, J.

(*Transferred from Austin.*)

PORTER & REID, counsel for appellant.

No counsel appeared for appellee.

§ **194.** *Failure of consideration; insufficient plea of, by subscriber to shares of stock in corporation; case stated.* Appellant sued appellee upon his promissory note for $200, and a trial of the cause resulted in a judgment for appellee, sustaining his plea of failure of consideration. Appellee's plea of failure of consideration was, in substance, that said note was executed by him in payment of his subscription for two shares of stock of par value of $100 each, said subscription contract being as

follows: "Dallas, Texas, May 26, 1887. We hereby obligate ourselves to take the following shares in a company to be organized to build a cotton and woolen mill in or near the city of Dallas, Texas, and to be incorporated under the laws of Texas; the authorized capital to be $500,000. Operations to commence as soon as the stockholders shall deem sufficient shares have been taken to justify it. Five per cent. of the subscription to be paid when sufficient stock is taken to commence operation. The balance of payment to be made, ten per cent. of the entire amount subscribed on the first of each month, commencing October 1, 1887." That said company had failed to issue him certificates of stocks for said two shares. That said company had never erected said cotton and woolen mills, but had only erected a cotton mill. That the charter members of said corporation organized the same for their sole benefit, ignoring the rights of appellee, etc. Appellant excepted to said pleas of failure of consideration, because the matters stated therein did not constitute any valid defense to this action, which exception the court overruled. We are of opinion that the court erred in not sustaining the exception to said pleas of failure of consideration. A subscriber to shares of stock in a corporation cannot avoid his liability upon the ground that the corporation has not issued to him his certificates of stock. [Slipher v. Earhart, 83 Ind. 173; Mor. Priv Corp., §§ 258–282; Thomp. Liab. Stockh., §§ 105, 106.] Nor will a partial abandonment of a corporate enterprise relieve a subscriber from his liability, and especially so if the abandonment is merely a temporary one. [Mor. Priv. Corp., § 219; Railway Co. v. Gifford, 87 N. Y. 294.] Nor will the allegation that the charter members organized said corporation for their sole benefit, ignoring appellee's rights, relieve him of liability upon his subscription. It is not shown in what manner appellee's rights were ignored, or that any fraud was practiced upon him in the organization of the corporation,

nor any facts alleged which show that said corporation was organized for the sole benefit of the charter members.

January 14, 1891.          Reversed and remanded.