THE STATE, on the Relation of O'BRIEN, Prosecuting Attorney, *v.* THE BETHLEHEM AND ZIONSVILLE GRAVEL ROAD CO.

GRAVEL ROAD.—*Articles of Association.—Information.*—An information in the nature of a *quo warranto* against a gravel road company which it had been attempted to organize under the act of 1852, as amended in 1859 (1 G. & H. 474), alleged, that the pretended articles of association did not set forth the name assumed by the company, or contain an intelligent description of the line of the route and the place from and to which it was proposed to construct the road, or the amount of the capital stock of the company, or the number of shares into which it was divided, or the names and places of residence of the subscribers and the amount of stock subscribed by each.

*Held*, on demurrer, that the information alleged sufficient facts.

SAME.—Where such an information alleged that the company did not file a copy of the articles of association "with the recorder of" the county in which, &c.;

*Held*, that this was not a reasonably certain averment that the articles were not filed in the recorder's office.

APPEAL from the Hamilton Circuit Court.

ELLIOTT, J.—This is an information in the nature of a *quo warranto*, in the name of the State, on the relation of the prosecuting attorney, against the Bethlehem and Zionsville Gravel Road Company.

The information was very lengthy, and contained twenty separate specifications or charges against the company, which were all stricken out by the court, on motion, except the first, second, third, and twentieth; but those stricken out are retained in the record by a bill of exceptions. A demurrer was sustained to the remaining ones, and judgment was rendered thereon for the company, to which the State excepted.

The first charge alleges, that the pretended articles of association did not set forth the name assumed by the company; that the articles of association do not contain an intelligent description of the line of the route and the place from and to which it is proposed to construct the road; nor does it contain the amount of the capital stock of the company or the number of shares into which it is divided, or

the names and places of residence of the subscribers and the amount of stock snbscribed by each.

The second specification alleges, that the association did not file a copy of their articles of association, as required by law, with the recorder of Hamilton county, in which the company "was pretending to exercise the functions of a gravel road company, and to construct a gravel road."

No brief has been filed in behalf of the company, and we are not apprised of the nature of the objection urged to the information. The first section of the act of 1852, authorizing the construction of gravel roads, as amended in 1859 (1 G. & H. 474), authorizes any number of persons to form themselves into a corporation for the purpose of constructing or owning plank, macadamized, gravel, clay, and dirt roads, by complying with the following require-ments: "They shall unite in articles of association, setting forth the name which they assume, the line of the route, and the place to and from which it is proposed to construct the road, the amount of the capital stock, and the number of shares into which it is divided, the names and places of residence of the subscribers, and the amount of stock taken by each, shall be subscribed to said articles of association. Whenever the stock subscribed amounts to the sum of five hundred dollars per mile of the proposed road, copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass, and shall from that time be a corporation, known by the name assumed in its articles of association."

The information is unskilfully drawn, is uncertain in many of its averments, and contains much useless matter; but we think that the matters alleged in the first specifica-tion are sufficient, if true, which the demurrer admits, to show that the association has failed to comply with several of the requirements of the statute which are essential to a legal organization as a corporation.

The second specification was probably intended to allege that the association had not filed a copy of their articles of

association in the *office* of the recorder of Hamilton county, in which the road is proposed to be constructed; but it only avers that a copy of the articles was not filed with the recorder. This is not a reasonably certain averment that it was not filed in the recorder's office.

The Judgment is reversed, with costs, and the cause remanded to the circuit court, with directions to overrule the demurrer to the first specification of the information, and with leave to amend the information.

*W. O'Brien, S. E. Perkins,* and *S. E. Perkins, Jr.,* for appellant.