THE STATE, EX REL. HOWE, *v.* THE SHELBYVILLE AND CHAPEL
TURNPIKE CO.

TURNPIKE.—*Articles of Association.—Corporation.—Construction of Statute.*
The statute (1 G. & H. 474) requiring that the articles of association of
a gravel road company shall set forth the amount of capital stock, etc., con-
templates a statement of the amount of the capital stock in the body of the
articles of association; and the defect caused by the omission of such state-
ment is not cured by the fact that certain amounts are subscribed to the articles.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—This was an information in the nature of a
*quo warranto*, filed on the 24th day of September, 1869, by
the appellant against the appellee. The information alleges
the filing of articles of association by those composing the
company, on the 17th day of October, 1863, in the office of
the recorder of Shelby county, and relies upon defects there-
in as grounds for this proceeding. The articles of associa-
tion are as follows:

"Articles of association of The Shelbyville and Chapel
Turnpike Company.

"We, the undersigned, citizens of Shelby county, and
State of Indiana, do hereby form ourselves into a corpora-
tion, according to an act authorizing the construction of
plank, macadamized, and gravel roads, approved May 12th,
1852, for the purpose of constructing a turnpike or gravel
road from Shelbyville to the Catholic chapel, all in the county
of Shelby, and State of Indiana; said road to begin at the
south end of Vine street, in said city of Shelbyville, and
running thence in a south-easterly direction on and along the
Michigan road, or as near thereto as may be deemed advisa-
ble by the board of directors of said company, to the Cath-
olic chapel, on said Michigan road, in the north-west quarter
of section thirteen, township twelve, range seven, in said
county and State.

"First. The name and style of said corporation shall be
The Shelbyville and Chapel Turnpike Company.

"Second. The capital stock of said company shall be

———— ————, and is to be divided into shares of twenty-five dollars each.

"Third. We whose names are hereto subscribed agree to take the number of shares set opposite our respective names, and to pay for the same at such times and in such proportions as the board of directors of said corporation or company may direct, without relief from valuation or appraisement laws."

Then follow the names of the subscribers, with the number of shares and amount subscribed by each.

The statute requires that the articles of association shall set forth, first, the name which they assume; second, the line of the route, and the place to and from which it is proposed to construct the road; third, the amount of capital stock, and the number of shares into which it is divided; fourth, the names and places of residence of the subscribers, and the amount of stock taken by each.   1 G. & H. 474, sec. 1.

These articles of association do not conform to this statute.   The amount of the capital stock is not stated.   The fact that certain amounts are subscribed to the articles of association cannot cure this defect.   The statute clearly contemplates a statement of the amount of the capital stock in the body of the articles of association, in addition to the statement of the amount of stock taken by each subscriber. The statement in the body of the articles of association fixes the total amount of the capital stock, and the subscription designates the amount taken by each subscriber.   *The State* v. *The Bethlehem, etc., Gravel Road Co.,* 32 Ind. 357.

Other objections to the articles of association are urged, but we need not consider them.

The judgment of the court below, sustaining the demurrer to the information, was erroneous, and is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer, and for further proceedings.

*D. W. Howe, K. M. Hord, J. T. Hockman,* and *L. J. Hackney,* for appellant.

*E. H. Davis* and *C. Wright,* for appellee.