BUSENBACK ET AL. *v.* THE ATTICA AND BETHEL GRAVEL ROAD COMPANY.

TURNPIKE.—*Articles of Association.*—It is essential to the legal existence of a corporation organized under the act of May 12th, 1852, as amended by the act of 1859, authorizing the construction of plank, etc., roads, that the articles of association shall set forth the residence of each and every subscriber thereto. *Eakright* v. *The Logansport and Northern Indiana Railroad Co.,* 13 Ind. 404, criticised.

From the Fountain Common Pleas.

*T. F. Davidson* and *M. Milford,* for appellants.
*Wallace & Rice,* for appellee.

BUSKIRK, J.—This was an action by the appellants, to enjoin the collection of certain assessments made for the construction of the Attica and Bethel Turnpike Company, upon the ground that the said company had never been legally organized.

The single question presented by the record in this case is whether it is essential to the legal existence of a corporation organized under the act of May 12th, 1852, "authorizing the construction of plank, macadamized, and gravel roads," that its articles of association shall set forth the residence of each and every subscriber thereto.

The first section of said act, as amended by the act of 1859, reads as follows:

"*Be it enacted by the General Assembly of the State of Indiana,* that any number of persons may form themselves into a corporation for the purpose of constructing or owning plank, macadamized, gravel, clay and dirt roads, by complying with the following requirements: They shall unite in articles of association, setting forth the name which they assume, the line of the route, and the place to and from which it is proposed to construct the road, the amount of capital stock, and the number of shares into which it is divided, the names and places of residence of the subscribers, and the amount of stock taken by each, shall be subscribed to said articles of association. Whenever the stock subscribed amounts to the sum of five hundred dollars per mile of the proposed road, copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass, and shall from that time be a corporation, known by the name assumed in [its] articles of association." 1 G. & H. 474.

In the present case, every requirement of the above section was fully complied with except setting forth "the places of residence of the subscribers." There were twenty-seven

subscribers to the articles of association, and the places of the residence of only two of them are set forth.

It is insisted by counsel for appellants, that setting forth the places of residence of the subscribers is imperatively required by the statute, and is absolutely essential to the legal existence of the corporation, and that if one of the requirements of the statute may be dispensed with, all may be; that it has not been left to construction, but that the legislature has prescribed the terms and conditions, upon a compliance with which a corporation may be organized, as is shown by the use of the following words: "By complying with the following requirements."

On the other hand, it is argued that the failure to affix to the names of the subscribers their places of residence is a mere formal defect of a very technical character. It does not go to the existence or constitution of the corporation. It goes only to the description of the persons who compose it. When their names are given, the subscribers are sufficiently identified, and the statute is substantially complied with.

It is further contended by counsel for appellee, that while a strict construction will be adopted as to questions relating to the power of dealing in a corporate capacity, a liberal construction will be adopted as to questions relating to the mere manner of getting into operation or acquiring a corporate existence.

Counsel for appellee refer to and rely upon the case of *Eakright* v. *The Logansport, etc., Railroad Co.,* 13 Ind. 404, as establishing the proposition that the requirement to state the place of the residence of the subscribers is only directory.

The question in that case was, whether the setting forth, in the articles of association, of the names of the directors was essential to the legal existence of the corporation. The court say: "Here the directors are not named in the articles of association; but it appears that they were elected at a meeting of the subscribers, after the stock was subscribed, and

the articles were constructed; and further, at the same meeting at which they were elected, the same articles of association were expressly adopted by the subscribers. Indeed, all the requirements of the statute have, in this instance, been literally pursued, save that of naming the directors in the articles of association, and that, it seems to us, has, in effect, been done by the adoption of the articles when the directors were elected."

The court held that there had been a substantial compliance with the requirements of the statute, as the names of the directors had been, in substance and effect, set forth. But the court, after having decided the real question involved, proceeded to express an opinion upon a point that did not arise in the record, as the statute had been in effect complied with. The court say: "At all events, the requirement that they be named in the articles, may be held merely directory, and not, in view of the facts stated in the complaint, essential to the validity of the corporation." The facts referred to, as having been stated in the complaint, were those showing that the names of the directors had, in effect, been given. In our opinion, that portion of the above decision which held the requirement merely directory is not entitled to much weight or consideration, because the point was really not before the court, and the statement is made with a qualification that greatly weakens its force.

The cases of *Piper* v. *Rhodes*, 30 Ind. 309, and *Rhodes* v. *Piper*, 40 Ind. 369, are much in point. In such cases we held that the requirements of the above section of the statute were not merely directory, but were imperative and should be substantially complied with. The omission was the failure to set forth in the articles of the association the name of such association. The one requirement is, under the statute, as imperative and essential as the other.

The case of *The State, ex rel. O'Brien*, v. *The Bethlehem, etc., G. R. Co.*, 32 Ind. 357, involved a construction of the above quoted section of the statute. It is plainly inferrible from the language used by the court, that it was intended to

hold that there must be a substantial compliance with all the requirements of the statute. The court say: "The information is unskilfully drawn, is uncertain in many of its averments, and contains much useless matter; but we think that the matters alleged in the first specification are sufficient, if true, which the demurrer admits, to show that the association has failed to comply with several of the requirements of the statute which are essential to a legal organization as a corporation."

The omissions complained of were as follows: "The first charge alleges, that the pretended articles of association did not set forth the name assumed by the company; that the articles of association do not contain an intelligent description of the line of the route and the place from and to which it is proposed to construct the road; nor does it contain the amount of the capital stock of the company or the number of shares into which it is divided, or the names and places of residence of the subscribers and the amount of stock subscribed by each."

The precise question involved in the case under consideration was involved in the above case, and the court held that it was essential to the legal organization of the corporation that the names and places of residence of the subscribers must be set forth in the articles of the association. Such is the plain requirement of the statute. The requirements enumerated in the first section of the act are plainly and distinctly set forth, and it is expressly declared in such section that a corporation may be organized by complying with the requirements therein specified. We are now asked to hold that the corporation was legally organized by complying with a part of such requirements. The legislature has made no discrimination between the requirements, by making some of them directory and others imperative, and we possess no power to do so. The legislature has declared, in plain and unambiguous language, that "the names and places of residence of the stockholders" shall be set forth in the articles of association, and the effect of the failure to

make such allegation is not left to construction, but is made a condition precedent to the legal organization of the corporation.

In *Garrigus* v. *The Board of Commissioners of Parke County*, 39 Ind. 66, we laid down certain rules of construction as applicable to corporations, to which we adhere.

The learned counsel for appellee have pressed upon our consideration the inconvenience and loss which would result from our holding the organization of the corporation incomplete, by reason of the failure to set forth in the articles of association the places of residence of the stockholders. There is no hardship or injustice in requiring those who seek to be clothed with the power of imposing taxes upon the property and burdens upon the shoulders of others to comply with the plain, unambiguous, and undoubted requirements of the statute which confers the power. The legislature has prescribed the conditions upon which these corporate and extraordinary powers may be exercised, and it is but reasonable and just that those who accept the benefits conferred should comply with the conditions imposed. If loss and inconvenience result, it may have a tendency to induce persons getting up such organizations to secure the services of persons possessed of sufficient knowledge and skill to perfect an association in conformity with the law, and thus relieve corporations from expensive litigation and the courts from being crowded with unnecessary suits. The gravel road and ditching associations have been a fruitful source of vexatious and expensive litigation, the most of which could have been prevented by the exercise of care and skill. The disastrous consequences of the want of care, skill, and prudence should teach wisdom to those engaged in organizing and managing such associations.

In the case in judgment, the capital stock was twelve thousand dollars. The two stockholders whose places of residence are given subscribed for fifteen hundred dollars of stock, a sum wholly insufficient to authorize the organization of the corporation. In legal effect, the case therefore stands

as though none of the places of residence of the stockholders were set forth.

In our opinion, the court below erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.