State, *ex rel.* White, Pros. Att'y, *v.* St. Paul and Morristown T. P. Co. *et al.*

No. 10,154.

THE STATE, EX REL. WHITE, PROSECUTING ATTORNEY, *v.*
THE ST. PAUL AND MORRISTOWN TURNPIKE COM-
PANY ET AL.

PLEADING.—*Answer.*—An answer may confess and avoid some averments
of the complaint and deny the others.

GRAVEL ROAD.—*Corporation.*—*Statute Construed.*—The statute requiring
that the amount of capital stock shall be named in the articles of as-
sociation does not require a subscription of the whole amount to give
life to the corporation (R. S. 1881, section 3624), but only $500 per mile.

SAME.—*Failure to Construct.*—Section 3641, R. S. 1881, has no application to
corporations formed for the purpose of owning gravel roads previously
constructed.

SAME.—*New Corporation.*—Where a gravel road company is not legally or-
ganized, a new corporation may, after the road is made, be organized to
own and operate it, and the State can not complain that some of the old
corporators have not taken stock in the new company.

PRACTICE.—*Special Finding.*—*Record.*—Where the court finds the facts spe-
cially, with conclusions of law in writing, under section 551, R. S. 1881,
and the finding is signed by the judge, it is properly a part of the record.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.
*T. B. Adams* and *L. T. Michener,* for appellees.

FRANKLIN, C.—Appellant commenced proceedings in *quo
warranto* to have the charter of the company declared for-
feited, and to enjoin the appellees from possessing and oper-
ating the road. A demurrer was overruled to the informa-
tion. An answer in five paragraphs was filed. A demurrer
was overruled to each of the fourth and fifth paragraphs of
answer. Reply in five paragraphs. Demurrer sustained to
all except the first, which is a denial. Trial by the court,
and, at the request of the parties, a special finding was made,
and conclusions of law stated. Exceptions to the conclusions
of law were overruled. Exceptions to the foregoing rulings
against appellants were duly reserved. Judgment was ren-
dered for appellees. And the foregoing rulings against ap-
pellant have been assigned as errors.

State, *ex rel.* White, Pros. Att'y, *v.* St. Paul and Morristown T. P. Co. *et al.*

It appears from the record that the appellees Floyd, Stevens and Bently, with many other citizens of Shelby county, in the year 1869, attempted to organize a corporation to construct a gravel road over the same route as the one herein in controversy; that they signed articles of association for that purpose, making the capital stock of the company $25,000; that said capital stock was all subscribed, paid in and expended in the construction of the road; that in November, 1875, they discovered that said organization as a corporation was imperfect and invalid, for the reason that in the articles of association they had not described the route of the road, and that the articles of association had not been filed and recorded in the recorders' offices of the counties through which the road run; and for the purpose of perfecting a corporation to own, control and operate the road, they got up a new organization, executed and had properly recorded new articles of association, and properly perfected a corporation, stating the capital stock to be, as originally made, $25,000, giving all the subscribers to the old articles an opportunity to become subscribers to the articles of association of the new organization; that in pursuance thereof subscriptions were made to the new in the sum of $8,069.64; that said new organization took possession of the road, repaired it and expended thereon over $2,000; that the length of the road is thirteen miles; that the new organization operated and controlled the road, collecting tolls thereon, from that time forward.

This suit was commenced on the 7th day of April, 1881, and decided February 2d, 1882.

An objection urged against the fourth and fifth paragraphs of the answer is that they do not admit or deny all the facts complained of; that a paragraph in an answer can not be good which both admits and denies the facts charged. Where one paragraph of a pleading both admits and denies the same alleged facts, it contains a contradiction in terms and is bad. But this rule does not require a party to admit all the facts alleged, in order to admit some of them, nor to deny all the

facts alleged in order to deny a part of them. He may admit such facts as he believes to be true, and excuse or avoid them, and deny the alleged facts that he believes are not true.

In these paragraphs of the answer the appellees admit certain facts averred in the complaint, allege new matter in avoidance thereof, and deny all other allegations of the complaint not therein admitted. This is sufficient pleading; the objection is not well taken. *Carter* v. *Ford Plate Glass Co.*, 85 Ind. 180.

Appellant further insists that these paragraphs of answer show that the capital stock of the company is stated in the articles of association to be $25,000, and that only $2,000 had been expended by the corporation upon the road within two years after its organization; that under the statute its franchises had become forfeited for that reason, and these paragraphs were bad.

They also show that only $8,069.64 of capital stock was subscribed to the articles of association, and that more than ten per cent. of that amount had been expended upon the road within the first two years after its organization. And they further show that the whole of the $25,000, named in the original articles of association, had been expended in the construction of the road. A substantial compliance with the statute is sufficient. *State, ex rel.*, v. *Beck*, 81 Ind. 500.

In the case of the *State, ex rel.*, v. *Shelbyville, etc., T. P. Co.*, 41 Ind. 151, it was held that " The statute clearly contemplates a statement of the amount of the capital stock in the body of the articles of association, in addition to the statement of the amount of stock taken by such subscriber." In that case, there was no amount stated in the articles of association and they were held insufficient. The object of this provision of the statute is to fix a limit beyond which the amount of the capital stock subscribed can not extend, while the amount subscribed shows what part of that amount has been taken. The amount taken controls the expenditure, and not the amount stated in the body of the articles. The statute

provides that whenever $500 per mile has been subscribed, the organization will constitute a corporation. And these paragraphs of answer show that more than $500 per mile had been subscribed before the corporation had commenced operations. But this statute was evidently intended to apply to organizations for the construction of new roads, and not to organizations for the purpose of owning and operating roads already constructed.

And while the articles of association in this case state the purpose to be the construction, ownership and operation of the road, all the facts in the case show that it was intended by the use of the word construction, to mean the reconstruction and repair of a road already in existence.

The statute prescribes, section 3641, R. S. 1881, that "Every such company or association shall cease to be a body corporate if, within two years from the time of filing a copy of its articles of association with the county recorder, it shall not have commenced the construction of its road, and expended at least ten per cent. of its capital stock, and if, within four years from such time, such road shall not be completed: *Provided, however,*. That if it should so happen that such company should fail to complete the whole of its road within four years, then, in that case, all the rights, privileges, and franchises conferred by this act upon the company shall be applicable to and be the charter of such company for so much of its road as may be completed within four years, as fully and effectually as if the whole line were completed."

Section 3624 of said act provides for the constructing or owning of such roads; and, therefore, where the purpose is only for repairing, owning and operating, section 3641 does not apply, for that is only made to apply where the purpose is the construction of a road; and it requires the ten per cent. to be expended in construction within two years as an *earnest* of good faith to the public that it will be completed. And this is further shown by the fact that before the failure to expend ten per cent. in the construction of the road shall

work a forfeiture of the charter, there shall be a failure to complete the road in four years; and then only such part as is not thus completed is forfeited.

But this provision of the statute was amended in 1855. See section 3667, R. S. 1881, so as to extend the time for completion from four to ten years; and before a gravel road company's charter can be declared forfeited for the non-expenditure of ten per cent. of its capital stock, it must also appear that it has not completed its road in ten years after its organization. Such a failure is not alleged in this information.

If section 3641 could be held applicable to this class of cases, we think there was a substantial compliance by appellees with its provisions. But we do not think it applicable to organizations merely for the ownership and operation of roads that had been already completed, and there could be no forfeiture for non-completion, when the road was completed at the beginning. It is the failure to show a necessary *earnest* of completion in a certain time, and an actual completion in a definite additional time, that works a forfeiture of the charter. It is the completion of the road that is sought to be secured. And where that is done, the want of construction, or the expenditure of money thereon within a limited time, can not be complained of by the State in a proceeding of *quo warranto* to have the charter declared forfeited.

The information in this case is bad.

These paragraphs in the answer state facts sufficient to constitute defences to the cause of action. There was no error in overruling the demurrers to them.

The only reference made in appellant's brief to the rulings upon the demurrers to the different paragraphs of the reply is, that they are good enough for bad paragraphs of the answer, thereby tacitly admitting that the various paragraphs of the reply, to which the demurrers were sustained, are not good, and we do not attempt to discuss them.

As to the exceptions to the conclusions of law, it is insisted by appellees' counsel, that, as the special finding of facts and

State, *ex rel.* White, Pros. Att'y, *v.* St. Paul and Morristown T. P. Co. *et al.*

statement of conclusions of law are not made a part of the record by a bill of exceptions, nor ordered to be so made by the court, that they are not properly in the record, and can not be considered. In this appellees are mistaken; they are signed by the judge, and that makes them a part of the record the same as a special verdict of a jury. See Buskirk Pr. 206.

The court specially found in substance, as follows: That in the year 1869, a gravel road company was organized to construct a road from, etc., giving a description of the road; that this company attempted to organize under the act of 1865, and it was found afterwards that the company had not legally organized; that on the 17th day of November, 1875, the defendant organized as a corporation under the act of 1852, and became a corporation under the name of St. Paul and Morristown Turnpike Company. A copy of the articles of association are filed with the complaint and is in these words: Then follows the copy.

The amount of capital stock is fixed in said articles at $25,-000. The total amount of capital subscribed was $8,069.64.

The reason or cause of forfeiture averred in the complaint is, that the corporation did not within two years after November 17th, 1875, expend ten per cent. of the capital stock of said company.

The company did expend after November 17th, 1875, and before November 17th, 1877, $2,200.

As conclusions of law, the court stated that ten per cent. of the capital stock of said company was expended within two years after the organization of said company; and that therefore there has been no forfeiture of the franchises of said company. For these reasons the finding is for the defendants; and, over a motion for a new trial, judgment was rendered accordingly.

For the reasons heretofore given, we see no error in the conclusions of law, and the court decided right in overruling the exceptions to them.

The evidence is not in the record. No question is pre-

State, *ex rel.* White, Pros. Att'y, *v.* St. Paul and Morristown T. P. Co. *et al.*

sented upon the overruling of the motion for a new trial except the court erred in its conclusions of law.    This is not a proper reason for a new trial, but is a proper specification in the assignment of errors, and as such has been considered. ´ Buskirk Pr., pp. 205, 206.

There was no error in overruling the motion for a new trial.

We think it appropriate in this connection to add the following extract from the case of *Moore* v. *State, ex rel.,* 71 Ind. 478 : " It should be the policy of the State and of its officers of all grades, as it seems to us, to foster and encourage in all legitimate ways the organization of turnpike and gravel road corporations, and the construction and maintenance of their roads.    The rights, privileges and franchises of such corporations, we think, should not be declared forfeited, and they should not be ousted and excluded therefrom, except for solid, weighty and cogent reasons, for the violation of a positive and prohibitory statute, and not of a statute whose provisions are permissive and apparently directory, and never upon merely technical grounds."

If none of the subscribers to the former articles of association, or those who paid their money as taxes under the statute, and had a right to become stockholders on account thereof, complain of the change in the ownership and operation of the road, we do not think the State ought to be permitted to interfere, when the public is not injured, unless there is a violation of law to justify it.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed.

Filed May 30, 1883.    Petition for a rehearing overruled Dec. 13, 1883.