*J. A. Beal,* for the appellants.

---

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* McCORMICK.

An agreement by a railroad company to cross a stream north of a certain street, requires them to cross the stream where a northerly line from such street would intersect it.

Conditional subscriptions of railroad stock may be valid.

Upon the acceptance of a conditional subscription by the entry thereof by the company upon the record, the contract of subscription is complete and absolute, and the subscriber is a stockholder; and no notice from the company is necessary before bringing suit upon the subscription.

But if notice of the location according to the conditions were necessary, an agreement that the kind of notice named in the contract should be sufficient would not render invalid any other kind of notice which might be in itself sufficient in point of fact.

If the stockholder be a resident of a town or city the construction and operation of the road through such town or city would ordinarily be sufficient notice.

No tender of a certificate of stock is necessary before suit brought. Such certificate does not constitute the title to the stock. The registry of the stockholder's name upon the stock-book of the company, opposite the number of his shares, gives him his title.

APPEAL from the *Tippecanoe* Circuit Court.

Wednesday, June 23.

PERKINS, J.—Suit by the *New Albany and Salem Railroad Company*, commenced on the 28th of *September*, 1855, against *John McCormick*, upon a subscription of stock as follows:

"We, the undersigned, promise to pay the *New Albany and Salem Railroad Company*, the sum of 50 dollars for

each share of stock set opposite to our respective names, provided said railroad company shall locate said railroad through the town of *Lafayette*, and cross the *Wabash River* north of *Brown* street in said town. Said stock to be paid out in installments of twenty-five per centum every six months, after the location of said road through said town of *Lafayette*. Such location and the date thereof to be sufficiently evidenced by an order of the board of directors of said company accepting the following subscriptions, on the terms above named.

"Dated *Lafayette, June* 17, 1852.

| Names. | Number of Shares. | Amount. |
|---|---|---|
| *John McCormick,* | 20 | 1,000 dollars." |

The complaint alleged compliance, &c., by the company. Answer, a general denial.

The case was submitted, upon an agreed statement of facts, to the Court. Finding and judgment for the defendant, overruling the plaintiff's motion for a new trial. The points are all shown by the exceptions taken.

The facts agreed upon are as follows:

"*First.*—The defendant, then and now a resident of *Lafayette, Indiana*, on the 17th day of *June*, 1852, subscribed a written agreement for twenty shares of stock, a copy of which is made a part of the amended complaint; the stock remains unpaid.

*Secondly.*—At the time of the signing of said agreement by the defendant, the plaintiff, under her charter, was engaged in the construction of a railroad from *New Albany*, by the way of *Salem*, to *Michigan City*.

"*Thirdly.*—On the 14th day of *July*, 1852, the directors of the railroad company passed an order and entered it on their records in the words following: 'Ordered by the board, that the subscriptions of stock made at *Lafayette*, be and they hereby are accepted;' but the passage of this order was not communicated to the defendant, nor had he any knowledge thereof, until after suit brought.

"*Fourthly.*—The plaintiff, in the fall of 1852, located, and in the winter, spring and summer of 1853 constructed, her railroad through *Lafayette*, and crossed the *Wabash River*

at a point three miles due north of *Lafayette*, and not with-
in the town, and has ever since maintained and operated
said road.   No formal notice of such location or construc-
tion was ever given defendant.

"*Fifthly.*—The plaintiff did not at any time, tender or
offer to give the defendant a certificate of stock before the
trial of this cause, upon the payment of his subscription."

1. The agreement, in this case, to cross the *Wabash
River* north of *Brown* street in *Lafayette*, required the
company to cross that stream where a northerly line from
said street would strike it.   And it was not necessary to
cross in the city of *Lafayette* unless such line struck the
river within the city.

2. Conditional subscriptions of railroad stock may be
valid.   *Clem* v. *The Newcastle, &c., Co.*, 9 Ind. R. 488.

3. On the acceptance of the subscription in this case, by
the entry thereof made by the company on their record, the
contract of subscription became complete and absolute, and
the subscriber became a stockholder.   *Kentucky Mutual
Ins. Co.* v. *Jenks*, 5 Ind. R. 96.—Redf. Railw. 98.

4. It would seem that, such being the case, no notice
from the company was necessary before suit brought upon
the subscription.   *Ross* v. *The Lafayette, &c., Co.*, 6 Ind.
R. 297.

5. But if notice of the location was necessary, the agree-
ment that the kind of notice named in the contract should
be sufficient, did not render invalid any other kind that
might also be in itself sufficient in point of fact.   *Hankins*
v. *Shoup et al.* 2 Ind. R. 342.   And as *Mc Cormick* was an
actual resident of *Lafayette*, a compactly built city of not
more than 15,000 inhabitants, the constructing and operat-
ing of the road for a period of between two and three years
after his subscription, before suit upon it, was sufficient no-
tice to him, in point of fact, of the location of the road
through said city.   The contract required no notice that
installments were due and required to be paid.   See *Ross*
v. *The Lafayette, &c. Co., supra.*

6. No tender of a certificate of stock was necessary.
Such certificate does not constitute the title of the stock-

May Term,
1858.

THE INDIAN-
APOLIS, &C.,
RAILR'D Co.
v.
MEEK.

holder to his stock. The registry of his name upon the stock-book of the company, opposite the number of his shares, gives him title to his stock. That book, as a member of the corporation, he has at all times a right to inspect. To that book reference is had in paying dividends, in receiving votes at corporation elections; upon that book transfers of stock, as between the company and the owner, are made; and of it, copies are given to stockholders. Redf. Railw. 43.

Certificates of stock can always be demanded and obtained by the owners, when they may desire them. They are convenient, as evidences of stock existing upon the proper book, in making sale of stock to third persons, but are not indispensable. Redf. on Railw. 50.—Ang. & Ames on Corp. 411. When a subscriber pays an installment of stock he should have a receipt of payment.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded with instructions to enter judgment upon the agreed case for the plaintiff.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.
*W. C. Wilson* and *G. Gardner*, for the appellee.