## BEAVER *v.* THE PRESIDENT AND TRUSTEES OF HARTSVILLE UNIVERSITY.

PLEADING.—*Fraud.*—*Promissory Note.*—Suit by the president and trustees of a university on promissory notes executed by the defendant to the plaintiff. Answer, that the notes were given upon the representation of the plaintiff's agent to the defendant, that, by the execution of the notes, he would become entitled to a perpetual scholarship in said university, and be entitled to send a scholar to said university free of further cost or charge of any kind; that the officers of said school were prepared to furnish employment to all pupils, by which they could pay their board and all other expenses; that the school was conducted on such a plan that the cost of the scholarship was all that was required to be paid by its patrons; that the school was the best in the State; that its professors and teachers were as competent as those of any other institution of learning in the State; that the school buildings were in good repair, and fitted up with a view to the health, comfort, and convenience of the scholars; that the society of the neighborhood was of the highest moral character; that the grounds and lands belonging to the school and adjoining its buildings were under a high state of cultivation and improvement; that the students were constantly under the care and charge of the officers and teachers of the school, and furnished with boarding on the premises; that the table of the boarding department was constantly supplied with a sufficient amount of wholesome and nutritious food; that every care was taken to preserve the health and elevate the morals of the students, and render their school life pleasant and homelike; and it was alleged that the school was organized and conducted under the control of a certain religious organization, of which said agent was a preacher and the defendant a member; that defendant could not read or write; that relying on the representations of said agent, and placing confidence in him as a minister of the gospel, and believing in his honesty and integrity, the defendant was induced by such representations to sign said notes, and did so solely in consequence thereof; and that said representations were false and fraudulent.

*Held,* that the answer was good on demurrer.

*Held,* also, that the facts that a certificate for the scholarship was to be issued to the maker of said notes, and that this had not been done, could not constitute a defense to a suit on the notes.

*Held,* also, that an answer alleging that the plaintiff falsely and fraudulently represented to the defendant that he should not be required to pay the principal of the notes, but only the interest thereon, was bad on demurrer.

SAME.—*Consideration.*—It is a good answer to a suit on a promissory note, by the payee against the maker, that it was executed without any consideration.

SAME.—*Corporation.*—In a suit on a note executed to a corporation, the maker cannot deny the existence of the corporation at the time of the contract; and

its continued existence will be presumed, unless it be shown to have terminated in some way known to the law.

PRACTICE.—*Production and Inspection of Writings.*—There is no error in refusing to grant an order, at the request of a party, requiring the adverse party, a corporation, to produce its record books for inspection and use on the trial, where the books are at a considerable distance from the court, and it is not shown by affidavit that there are any entries in them which would afford material evidence, or that any request has been made for copies of such entries, if there be any such.

APPEAL from the Fountain Common Pleas.

DOWNEY, J.—Suit on five promissory notes executed by the appellant to the appellee.

There were six paragraphs of the answer, all of which were held bad on demurrer, and, for want of a better answer, judgment was rendered against the appellant.

The first paragraph alleges, that the notes were given for a perpetual scholarship in said university; that they were obtained from defendant by the fraud, covin, and misrepresentation of the agent of the plaintiff, who represented to him that by the execution of the notes he would become entitled to a perpetual scholarship in said university, and be entitled to send a scholar to said university free of further cost or charge of any kind; that the officers in charge of said school were prepared to furnish employment to all pupils, by which they could pay their board and all other expenses; that the school was conducted on such a plan that the cost of the scholarship was all that was required to be paid by its patrons; that the school at said university was the best in the State; that its professors and teachers were all as able and competent as those of any other institution of learning in the State; that the buildings belonging to the school were all in good repair, and were fitted up with a view to the health, comfort, and convenience of the scholars; that the society of the surrounding neighborhood was of the highest moral character; that the grounds and lands belonging to the school, and adjoining its buildings, were under a high state of cultivation and improvement; that the students were constantly under the care and charge of the officers and teachers

of the school; that they were furnished boarding on the premises; that the table of the boarding department was constantly supplied with a sufficient amount of wholesome and nutritious food; that every care was taken by those in charge of the school, to preserve the health and elevate the morals of the students under their charge, and to render their school life pleasant, homelike, and agreeable; that it was organized and conducted under the control of the United Brethren Church; that said agent was a preacher in that church, and the defendant a member thereof; that defendant cannot read or write; that, relying on the representations of said agent, and placing confidence in him as a minister of the gospel, and believing in his honesty and integrity, he was induced by such representation to sign said notes; that he did so solely in consequence thereof; and that said representations were false and fraudulent.

We have looked to the brief of the appellee's attorneys for the reasons why this is not a good defense.

It is insisted, that when a contract has been reduced to writing, the presumption is that the writing contains the whole contract; that oral negotiations which precede or accompany the execution of the instrument are merged in the writing.

This is a correct statement of a rule of law. But we think it not applicable to this case. The rule does not prevent a party to a contract which has been reduced to writing from showing that he was induced by false and fraudulent representations to enter into the contract.

Again, it is insisted that the representations were not such as the defendant had a right to rely upon. We think this is true as to some, but not all of them. It is said that the defendant might, by inquiry, have ascertained for himself the truth or falsity of the matters which it is alleged were represented.

We think he was not bound to do this, but might rely upon the representations. The demurrer admits that all these represensations were made, that they alone induced the defendant to sign the notes, and that they were false. We

think the paragraph a good defense, and that the court erred in sustaining the demurrer to it.

The second paragraph sets up that a certificate for the scholarship was to be issued to the defendant, which has not been done.

This was not a good defense. The certificate would not confer the right, but would be evidence of it. See *The New Albany and Salem Railroad Co.* v. *McCormick*, 10 Ind. 499.

The third paragraph was, that the notes were executed without any consideration. This was clearly good, and the demurrer to it should have been overruled. *Webster* v. *Parker*, 7 Ind. 185.

The other paragraphs are in an additional answer, and are also numbered one, two, and three.

The first of these attempted to show that the university ceased to be a corporation after the execution of the notes on which the suit is brought. The only ground for this assertion is, that the trustees resolved that the location was an unfortunate one and endeavored to get subscriptions at other points, with a view to its location at one of them. But the people at Hartsville made the largest subscription and retained the institution at that place. We think this is no defense.

In the second paragraph in the additional answer, the defendant alleges that the plaintiff falsely and fraudulently represented to him that he should not be required to pay the principal of the notes, but only the interest thereon, &c.

We think this was not such a representation as can be sucessfully relied upon to show fraud. If such was a part of the contract it should have been in the notes. It was not a misrepresentation with reference to an existing fact. The allegation that the representation was falsely and fraudulently made does not alter the case.

The third paragraph of the additional answer denies the existence of the corporation and *its* power to make the contract.

This, we think, is not a good defense. The defendant can-

not deny the existence of the corporation at the time when he executed the notes. We should presume its continuance unless it be alleged and shown that its existence was terminated in some way known to the law.

It is assigned for error, that the court erred in refusing an order, at the request of the defendant, upon the plaintiff, to produce, on a day named, the record books of the corporation, for his inspection and use at the trial of the cause. The books were at a considerable distance from the court, and it was not shown by affidavit that there were any entries in them which would afford evidence material to the questions involved in the issues; nor was it shown that any request had been made for copies of such entries, if there were any such entries. We cannot say that it was error to refuse the order.

The judgment is reversed, and the cause remanded. Costs to the appellant.

*T. F. Davidson*, for appellant.
*W. A. Tipton*, for appellee.