### DAVID B. LYMAN, Trustee,

*v.*

### THE SUBURBAN RAILROAD COMPANY *et al.*

*Opinion filed April 18, 1901—Rehearing denied June 6, 1901.*

1. RAILROADS—*when agreement to locate depots at certain places is valid.* An agreement whereby a right of way is granted to a railroad company upon the express condition that it erect and maintain depots at certain places without any restriction as to location of other depots and upon the express understanding that the company will construct, operate and maintain a railroad and comply with all conditions and provisions of the contract, is valid and binding upon the company and its assigns, and, the conditions being regarded as conditions subsequent, a breach thereof renders the easement granted liable to forfeiture.

2. SAME—*agreement to maintain and operate railroad is a continuing one.* Where an easement of right of way is granted upon the ex-

press condition that the company construct, operate and maintain a railroad, the obligation is a continuing one, which is not satisfied by the maintenance and operation of a railroad for a period of years, after which the running of trains is abandoned.

3. PLEADING—*demand for performance of condition subsequent is not necessary.* It is not necessary, before filing a bill to recover an estate for breach of a condition subsequent, that the complainant make a demand for the performance of such a condition, as the grantor may treat the estate as reverting to him upon the breach and sue for the recovery of possession.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

JACKSON, BUSBY & LYMAN, (S. P. SHOPE, of counsel,) for appellant.

CLARENCE KNIGHT, and JESSE B. BARTON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in equity filed by the appellant in the superior court of Cook county against appellees, praying that all the rights, privileges and easements heretofore granted by the trustees of the Grant Land Association of Chicago to the Chicago and Southwestern Railway Company, and now claimed by the appellees, in section 21, township 39, north, range 14, east of the third principal meridian, situated in the town of Cicero, county of Cook, State of Illinois, and all rights, title and interest pertaining thereto, be decreed to be terminated and that the same be vested in the appellant, as trustee of said Grant Land Association, and that the appellant, as such trustee, be decreed to hold said right of way and the possession thereof free and clear of any and all claim thereto of the appellees, or either of them, and that the appellees, or whichever of them shall be found to own or control or to have any interest in the railroad tracks or other personal property now or heretofore placed upon the right of way across said premises, be decreed, within

190—21

a short day to be fixed by the court, to remove the same, and that the appellees, and each of them, be forever restrained and enjoined from in any way interfering or attempting to interfere with the appellant, his successors, grantees or assigns, in the exercise and use of the said rights and easements. The bill having been amended, the appellees severally filed general demurrers thereto, which were sustained, and the appellant having elected to stand by his bill, a decree was entered dismissing the same and for costs, and an appeal has been prosecuted to this court to reverse such decree.

The averments of the bill of complaint show that the trustees of the Grant Land Association of Chicago granted the right of way across said section 21, of which they were the owners in fee, as trustees, and of which association the appellant is now the sole surviving and acting trustee, to the Chicago and Southwestern Railway Company, its successors and assigns, for the consideration and upon the express conditions that said railway company would erect upon its right of way on said section 21 a passenger station at Robinson avenue on or before August 1, 1891, also at Central avenue on or before May 1, 1893, and that it and its successors and assigns would construct, operate and maintain a railroad upon said right of way, and that the agreement granting said right of way among other things contained the following provisions: "The easement hereby granted is made upon the express agreement and understanding by the party of the second part, its successors and assigns, that it will construct, operate and maintain the said railroad and perform all of the conditions and provisions herein contained on its part to be performed as herein provided, and that any failure on its part so to do shall forfeit all of its rights under this contract."

It is conceded by appellees that no passenger station has been erected at Central avenue upon said section 21. It is, however, contended that it does not appear from

the averments of the bill that appellees have ceased to operate or maintain a railroad on said right of way and that the same has been abandoned. The averments of the bill in that regard are as follows: "That on or about December 19, 1898, the Suburban Railroad Company procured a certain ordinance to be passed by the board of trustees of the town of Cicero; * * * that thereafter said Suburban Railroad Company ceased to further maintain its said tracks on Sixteenth street across section 21, as aforesaid, or to run its trains or cars, or any trains or cars, on said tracks, * * * and ceased in any manner to operate said lines or tracks on Sixteenth street across section 21 or run any trains or cars thereon from about that date, and ever since has failed and still refuses so to do; * * * that when the said Suburban Railroad Company discontinued the running of its cars on Sixteenth street through said section, and the operation of said lines, your orator, as trustee, * * * requested and demanded that said Suburban Railroad Company resume the running of its cars and the operation of said lines of road on Sixteenth street through said section, * * * but that said railroad company still refuses to run its cars and operate said line or railroad as aforesaid; * * * that said Suburban Railroad Company and the Chicago Terminal Transfer Railroad Company, despite said defaults in the operation of said railroad lines on Sixteenth street, still allow their railroad tracks, although unused, to remain in and upon said street, as aforesaid, * * * and refuse to allow any other company to operate said lines· or to remove the said tracks and construct on the said right of way another line or lines of road, and operate the same, as desired by your orator and as your orator is entitled to have done under its said contract."

The appellees, the Suburban Railroad Company, as lessee, and the Chicago Terminal Transfer Railroad Company, as the successor of the Chicago and Southwestern

Railway Company, as owner, are alone in possession of said right of way, and as to them it is sufficiently averred that they have ceased to operate a railroad over said right of way and that the said right of way is unused. Under the terms of the agreement whereby said right of way was granted to the Chicago and Southwestern Railway Company, its successors and assigns, such non-use would amount to an abandonment thereof.

A demurrer having been interposed to said bill, it must be held to be admitted by the appellees that there has been a breach of the conditions of said agreement so far as it provides for the erection of a passenger station at Central avenue and for the operation and maintenance of a railroad upon said right of way across section 21. It is, however, urged by the appellees, that if a breach of such conditions be conceded, such conditions are contrary to public policy and void, and it is urged said right of way cannot be forfeited by reason of the failure to comply with such void conditions. The agreement of March 20, 1891, granted to the Chicago and Southwestern Railway Company, its successors and assigns, an interest in said right of way upon conditions subsequent, which interest was liable to be defeated upon the non-performance of such conditions, and no question of public policy is involved which requires us to hold that the appellees can retain and enjoy the valuable interests and rights conferred by said agreement, without performing such conditions.

This case is readily distinguished from that class of cases which hold contracts made by the officers and agents of railroad companies for their own gain, whereby they agree to secure the location of stations, depots, etc., at particular places, (*Bestor* v. *Wathen*, 60 Ill. 138; *Linder* v. *Carpenter*, 62 id. 309;) or whereby it is stipulated for the location of stations, depots, etc., at particular places and prohibiting the location or erection of any others within certain prescribed limits, (*Marsh* v. *Fairbury, Pontiac and*

*Northwestern Railway Co.* 64 Ill. 414; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mathers,* 71 id. 592;) to be void as against public policy.

In *C., C., C. & I. Ry. Co.* v. *Coburn,* 91 Ind. 557, it was held a conveyance to a railroad company of the right of way for its road, the consideration of which is shown to be the construction and permanent maintenance of the road upon the line so granted and the erection and maintenance of its depot upon adjoining lands, is upon condition subsequent, and if such depot and track be afterwards abandoned it is a breach of the condition, which defeats the grant. On page 562 it is said: "In determining the question whether the estate granted is one upon a condition subsequent, the court will seek to enforce the intention of the parties, to be gathered from the instrument and the existing facts. (4 Kent's Com. 432; 2 Parsons on Contracts, 479; Chitty on Contracts, 74; *Horner* v. *Chicago, etc. Railway Co.* 38 Wis. 165.) We therefore think that the relinquishment in controversy created in the railroad company an estate upon condition subsequent, liable to be defeated upon the non-performance of the condition."

In *Horner* v. *Chicago, Milwaukee and St. Paul Railway Co.* 38 Wis. 165, a deed of land to a railroad company (reciting a consideration of one dollar) conveyed one parcel "only for depot and other railroad purposes" and another parcel adjoining the former "for a railway," and recited that both parcels were "granted solely for said road purposes." In ejectment for said parcels of land it was shown by parol evidence that no money was paid for the land, and that the only consideration for the conveyance was the condition that the railway depot should be erected on the land, the effect of which the grantor believed would be to enhance the value of her other lands in the vicinity for building purposes. On page 176 the court say: "The considerations above mentioned, and other features of the case not specially referred to, con-

vince us that the grantor intended to convey the land upon the condition that if the grantee failed to construct the railway and locate and erect the depot thereon she should have power to destroy the estate of the grantee in the land by re-entry or its equivalent, and re-vest the title thereto in herself. We think, also, that the language of the deed admits of a construction which will effectuate that intention, and we cannot hesitate so to construe it."

In *Gray* v. *Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400, John and George Gray conveyed a strip of land to the Chicago, Milwaukee and St. Paul Railway Company for right of way purposes, for the expressed consideration of one dollar. The deed contained the following conditions: "This conveyance is made upon the express conditions that said railway company shall maintain a passenger depot at the place where the passenger depot of said company is now located and erected on said premises, and stop thereat all its accommodation trains to take and leave passengers. In the event the party of the second part, its successors and assigns, shall fail to perform and fulfill all the above requirements and conditions, all the lands above described and herein conveyed to the party of the second part shall revert to the parties of the first part, their heirs, administrators or assigns." Ejectment was brought to recover the land upon the ground that the conditions of the deed had been violated by the company failing to stop an accommodation train to take and leave passengers. The trial court took the case from the jury. This court, on appeal, reversed and remanded the cause, and held the court was not authorized to say, as a matter of law, that the conditions contained in said deed were illegal and void, as against public policy.

The Supreme Court of Indiana, in the case of *Louisville, New Albany and Chicago Railway Co.* v. *Sumner*, 106 Ind. 55, (5 N. E. Rep. 404,) in an exhaustive review of the

authorities bearing upon conditions of the character under consideration, on page 406 say: "Was the stipulation in the deed 'to locate and maintain a depot' on the line between the several tracts over which the right of way was granted, void? Agreements of the character under consideration, so far as they have become the subject of judicial interpretation, are of three classes. There are those in which stipulations are contained providing for the location of stations or depots at particular places and· prohibiting the location or erection of any others within certain prescribed limits. Concerning all such agreements as contain restrictive stipulations by which the railway company undertakes to prohibit itself from thereafter erecting other station houses or depots at other places or within prescribed limits, they are uniformly, so far as we know, held to be void, as against public policy. Railroad corporations are regarded as public agencies, owing duties to the public, generally. They are therefore not authorized to make any contract which may prevent them from discharging their duties. efficiently to the public, and for that reason they cannot contract that the company will not locate a station or erect a depot at a place where the demands of business or concentration of population may at some time in the future require it. Such a contract is void, as against public policy. (*Williamson* v. *Railroad Co.* 53 Iowa, 126; s. c. 4 N. W. Rep. 870; *Railroad Co.* v. *Mathers*, 104 Ill. 257; *Marsh* v. *Railway Co.* 64 id. 414; *Railroad Co.* v. *Mathers*, 71 id. 592; *Railway Co.* v. *Ryan*, 11 Kan. 602.) Another class of cases are those in which some officer or other person, supposed to be influential with a railway company, undertakes, for a consideration moving to them, to secure the location of stations, depots, etc., at a particular place. A conspicuous case in this class is *Fuller* v. *Dame*, 18 Pick. 472. All such contracts are void, as against public policy. (*Bestor* v. *Wathen*, 60 Ill. 138; *Linder* v. *Carpenter*, 62 id. 309.) Still another class is that to which

the case under consideration is allied. Such are the cases in which an agreement has been made between an individual and a railway corporation for the location of a station or depot at a particular place, in consideration of a donation of money or property to the corporation, without any restriction or prohibition against any other location. No case has fallen under our notice in which this question was directly involved and which was not controlled by other considerations which condemn such an agreement. On the contrary, it has been held that an agreement to pay a railway company a stipulated sum in consideration that it would locate its route at a particular place is valid and may be enforced. (*First Nat. Bank* v. *Hendrie*, 49 Iowa, 402; *Railroad Co.* v. *Baab*, 9 Watts, 458.) So a conditional subscription of stock is valid. (*Railroad Co.* v. *McCormick*, 10 Ind. 499; *Jewett* v. *Railroad Co.* id. 539.) A voluntary grant to a railroad on condition that it would locate its route and establish a depot at a certain place was sustained, as not being in contravention of public policy.—*McClure* v. *Railroad Co.* 9 Kan. 373."

It is next contended that by constructing, operating and maintaining a railroad for the period of eight years upon said right of way the conditions imposed by said agreement have been satisfied. It is evident from the agreement that the parties thereto contemplated that the railroad company should enjoy the use of said right of way so long as it should be used for railroad purposes, and no longer, and that when it should cease to be so used it should revert to the grantor. In *Gray* v. *Chicago, Milwaukee and St. Paul Railway Co. supra,* where the same contention was made, we said: "The conveyance in this case was upon the express condition that the grantee should maintain the passenger depot and stop thereat all its accommodation trains to take and leave passengers. It could not have been in the contemplation of either of the parties that Gray and his heirs should not have the benefit of the condition while the grantee should hold

and have the use of the land, or that the condition would be discharged by a performance during a portion of such period. The undoubted meaning of the parties was, that so long as the grantee should have the land for its railroad and run accommodation trains the trains should be stopped." The successors and assigns of the Chicago and Southwestern Railway Company acquired whatever interest they have in said right of way burdened with the conditions contained in the agreement by which said right of way was granted to said railway company. Said conditions were in the nature of covenants running with the land. It is expressly averred that such interest was acquired with notice of said conditions, and that they were the only consideration received by appellant for said right of way. It would be contrary to equity to allow appellees to hold such right of way disencumbered of such conditions. In *Kettle River Railroad Co.* v. *Eastern Railroad Co.* 41 Minn. 461, it is said (p. 473): "In equity, covenants relating to land, or its mode of use or enjoyment, are frequently enforced against subsequent grantees with notice, although there is no privity of estate and the covenants do not strictly run with the land." In *People ex rel.* v. *Louisville and Nashville Railroad Co.* 120 Ill. 48, the conditions and stipulations were personal in their nature and did not run with the land.

It was unnecessary that the appellant make a demand upon appellees that they comply with said conditions, prior to the filing of his bill. A prior entry upon the premises or a demand for the possession is not necessary upon the breach of a condition subsequent before suit. The grantor, upon such breach, may treat the estate as having reverted to him and sue for a recovery thereof. Such is held to be the rule at law, and we see no reason why the same rule should not obtain in equity. *Cowell* v. *Colorado Springs Co.* 100 U. S. 55.

We do not agree with the contention of appellees that the town of Cicero, by ordinance, has released them from

a performance of the conditions requiring them to operate and maintain a railroad over said right of way. Said conditions arise from the contractual relations of the parties, which the town of Cicero is powerless to impair by ordinance.

We are of the opinion equity has jurisdiction to grant the relief prayed for, as the appellant has no adequate remedy at law. A judgment at law for damages will not restore appellant to the possession of the right of way, and would be unavailing, as the appellee the Chicago and Southwestern Railway Company, with whom the contract was made, is insolvent and has ceased to do business. Ejectment will not lie, as the appellant, at the time of commencing this suit, was not the owner of the legal title to that part of section 21 occupied by said right of way, and then had therein only an easement, as said section, subsequent to the grant of the said right of way, had been subdivided and platted by appellant as the Grant Locomotive Works addition to Chicago, and the portion thereof occupied by said right of way dedicated to the city as West Sixteenth street, subject to the right of appellant and his assigns to lay down, maintain and operate railroad tracks upon the streets and alleys of said subdivision, including West Sixteenth street. Such an easement is incorporeal in its nature. Ejectment lies only to recover things corporeal. (7 Ency. of Pl. & Pr. 276.) And *mandamus* is not available to appellant as a remedy, as he seeks to recover the easement reserved by him in said street for railroad purposes disencumbered of said conditions, and not to compel appellees to operate and maintain thereon a railroad.

The decree of the superior court of Cook county will therefore be reversed and the cause remanded to that court, with directions to overrule the demurrers and proceed to the disposition of said cause, in accordance with the views herein expressed.

*Reversed and remanded.*